JOHN O. LYSNE and Another v. E. G. HUNSTAD.[1]

May 13, 1904.

Nos. 13,830—(42).

**Vendor and Purchaser.**

An oral agreement for the sale of real estate provided that payments should be made at stated times, and that upon payment of the first two instalments a written contract should be executed. The execution of the written contract having been delayed, through no fault of the seller, until after the third instalment became due, he was under no obligation to execute the contract until such instalment was paid. The court did not err in submitting the question to the jury.

**Waiver.**

No error in refusing to submit the question whether or not defendant had waived payment of the third instalment by agreeing to an extension of the mortgages which matured at that time.

Appeal by plaintiffs from an order of the district court for Watonwan county, Lorin Cray, J., denying a motion for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*W. S. Hammond,* for appellants.

*Dean & Palmer,* for respondent.

LEWIS, J.

The plaintiffs in their complaint allege that on August 15, 1902, they entered into an oral contract with defendant, by which he agreed to

[1] Reported in 99 N. W. 634.

sell plaintiffs one hundred twenty acres of land for the sum of $5,400, to be paid as follows: $60 on or before the execution by defendant of a contract in writing for the sale of the lands to plaintiffs; $340 on or before August 20, 1902; $1,600 on or before October 1, 1902; $3,400 on or before March 1, 1903; that defendant agreed to execute a contract in writing, when prepared and ready for his signature, for the sale of the premises to them; that defendant refused to execute such contract, although prepared and presented to him to sign. This action is brought to recover the $400 paid by plaintiffs in pursuance of their understanding with defendant.

The answer admitted the oral agreement to sell the premises for $5,400, and that $400 was paid, but alleged that the contract was to be executed upon payment of the sum of $1,600 October 1, 1902, and that plaintiffs failed to make that payment; that defendant has at all times been ready and willing to execute such contract, provided plaintiffs would pay that amount. Defendant admitted at the trial that he agreed to execute and deliver the contract of purchase upon payment of $400 before October 1, but claimed that plaintiffs had never presented him with any contract to sign prior thereto, but, on the contrary, had delayed its preparation, although requested by defendant to get the same ready for execution. It appears from the evidence that the $1,600 payment to be made October 1 was for the purpose of taking up two mortgages amounting to that sum, and defendant based his refusal to sign the contract of sale after October 1 upon the ground that the mortgages had become due, and that plaintiffs had failed to carry out their part of the contract, in not making payment.

The court charged the jury that if it was not agreed that defendant was to execute the contract before October 1, and if at the time he was requested to sign the contract there was a payment due under the agreement made, which was not yet paid, then defendant had a right to refuse to sign it, and was under no obligation to do so, and did not violate it by his refusal. The correctness of this instruction is called into question. We find no error in it, although not strictly correct, in that the court assumed there was evidence tending to show there was no agreement to execute the contract prior to October 1.

Defendant conceded at the trial that it was agreed the contract should be executed prior to October 1, and that if he had been called

upon to sign it, and had refused to do so, he would be liable in this action. His defense is that, although he so agreed, yet, not having been required to execute the contract, and the payment of the $1,600 having matured in the meantime, plaintiffs are not in position to demand its execution until they have made the $1,600 payment.

We do not think the agreement as testified to by the parties is divisible. It was one entire contract, and the only question for the jury to determine was whether or not defendant did refuse to execute the contract prior to October 1, or whether the delay was owing to the fault of plaintiffs themselves.

The position of defendant in this action is that he had not and does not repudiate the contract; that he is ready and willing to carry it out, but that plaintiffs must perform their part of the agreement before calling upon him to execute and deliver the written contract, to the same intent and purpose as though executed and delivered prior to October 1. To meet this objection, plaintiffs offered testimony relative to a verbal agreement between plaintiffs and the mortgagee to the effect that the mortgagee would extend the time for payment of the mortgage, and would look to plaintiffs for payment thereof. If, at or about the time the $1,600 payment became due, defendant consented to a different arrangement, and agreed that the mortgage might remain on the premises, and the payment thereof be assumed by plaintiffs, instead of being paid when due, as was first contemplated by the oral agreement, then defendant would not be in position to refuse the execution of the contract upon the ground that payment had not been made. There is no evidence to connect defendant with whatever agreement may have been entered into between the mortgagee and plaintiffs, and, although defendant was present, there was nothing to indicate that he accepted its terms. On the contrary, there is evidence tending to show that he insisted the mortgages should be paid at that time. Consequently the court was correct in charging the jury that the arrangement between plaintiffs and the mortgagee was not binding upon defendant.

It is unnecessary to notice the other assignments of error.

Order affirmed.